JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SBG MANAGEMENT SERVICES, INC., d/b/a SBG MANAGEMENT and PENNSYLVANIA JUNIOR HOCKEY CLUB, LLC

**DEFENDANTS**
GEORGE HAVILAND, a/k/a GEORGE HAVILAND, JR. and NJ JUNIOR TITANS HOCKEY CLUB

**(b)** County of Residence of First Listed Plaintiff  Montgomery County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Monmouth County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Yanoff, Esq.
Friedman Schuman, P.C.
101 Greenwood Ave., 5th Fl. Jenkintown, PA 19046

Attorneys *(If Known)*
Jerrold S. Kulback, Esq/Tanneika A. Minott, Esq
Archer & Greiner , 1717 Arch St., Ste 3500 Phila
PA 19103
215-963-3300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | **PERSONAL INJURY** | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| | ☐ 368 Asbestos Personal Injury Product Liability | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| **REAL PROPERTY** | **PERSONAL PROPERTY** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 370 Other Fraud | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 371 Truth in Lending | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 380 Other Personal Property Damage | | | |
| ☐ 240 Torts to Land | ☐ 385 Property Damage Product Liability | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | **CIVIL RIGHTS** | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 441 Voting | **PRISONER PETITIONS** | | |
| | ☐ 442 Employment | **Habeas Corpus:** | | |
| | ☐ 443 Housing/ Accommodations | ☐ 463 Alien Detainee | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 510 Motions to Vacate Sentence | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 530 General | | |
| | ☐ 448 Education | ☐ 535 Death Penalty | | |
| | | **Other:** | | |
| | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a).

Brief description of cause:
Breach of Contract, purchase of assets

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
over $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
2-26-2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: P.O. Box 549 Abington PA

Address of Defendant: 214 Harmony Road, Middletown NJ 07748

Place of Accident, Incident or Transaction: New Jersey
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐   No☒

Does this case involve multidistrict litigation possibilities?      Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
      Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
      Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
      Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
      Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
      (Please specify) _____

**B.** *Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
      (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____      _____      _____
                          Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2-26-2018      _____      #84563
                     Attorney-at-Law          Attorney I.D.#
                     Jerrold S.. Kulback, Esquire

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| SBG MANAGEMENT SERVICES, INC.,<br>d/b/a SBG MANAGEMENT and PENNSYLVANIA JUNIOR:<br>HOCKEY CLUB, LLC      : | CIVIL ACTION |
|      v.      : | |
| GEORGE HAVILAND, a/k/a GEORGE HAVILAND JR. and :<br>NJ JUNIOR TITANS HOCKEY CLUB      : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.             ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.             ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.             ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| | | |
|---|---|---|
| | Jerrold S. Kulback, Esquire<br>Tanneika A. Minott, Esquire | |
| 2-28-2015 | | Defendants |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-963-3300 | 215-963-9999 | jkulback@archerlaw.com<br>tminott@archerlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SBG MANAGEMENT SERVICES, INC.,<br> d/b/a SBG MANAGEMENT and<br>PENNSYLVANIA JUNIOR HOCKEY CLUB,<br>LLC | CIVIL ACTION |
| Plaintiffs,<br><br>   v. | NO. _____ |
| GEORGE HAVILAND, a/k/a GEORGE<br>HAVILAND JR. and NJ JUNIOR TITANS<br>HOCKEY CLUB | |
| Defendants. | |

### NOTICE OF REMOVAL

Defendants, George Haviland ("Haviland") and the NJ Junior Titans Hockey Club ("Titans") (collectively, "Defendants"), by and through their counsel, hereby file this Notice of Removal of the above-entitled action from the Court of Common Pleas of the Thirty Eighth Judicial District of the Commonwealth of Pennsylvania (Montgomery County), in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania, and in support thereof avers as follows:

1.     Plaintiffs, SBG Management ("SBG") and the Pennsylvania Junior Hockey Club, LLC ("PJHC") (collectively, "Plaintiffs"), initiated this action by filing a Complaint in the Court of Common Pleas of Montgomery County on December 14, 2017.  A copy of the Complaint is attached as Exhibit "A."

2.     Plaintiff SBG is a Pennsylvania corporation and has its principal place of business in Montgomery County, Pennsylvania.

3.      Plaintiff PJHC is a Pennsylvania limited liability company and has its principal place of business in Montgomery County, Pennsylvania.

4.      Defendant Haviland is a resident and citizen of the State of New Jersey.

5.      Defendant Titans is a New Jersey corporation with a registered place of business at 1410 Frances Drive, Wall, NJ 07719.

6.      Accordingly, complete diversity of citizenship existed between the parties at the time the Complaint was filed, and complete diversity of citizenship exists at the time of removal.

7.      In the Complaint, Plaintiffs allege damages both "in an amount not to exceed $50,000" as well as "in an amount in excess of $50,000."  See Ex. A at pages 8-10.

8.      On January 29, 2018, Defense Counsel sent a letter to Plaintiffs' Counsel asking for clarification on the damages sought.  A copy of the letter is attached as Exhibit "B."

9.      On January 31, 2018, Plaintiffs' Counsel responded, stating that Plaintiffs claim damages in an amount in excess of $75,000.  A copy of the letter is attached as Exhibit "C."

10.      Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions where the action is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  This action satisfies all requirements for federal jurisdiction under 28 U.S.C. § 1332(a).

11.      Pursuant to 28 U.S.C. § 1446(b)(3), this Notice is timely because it has been filed within thirty days of receipt of the January 31, 2018 letter.  In that letter, Defendants learned that the amount in controversy exceeds $75,000 and that as a result, this case had become removable.

12.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders (exclusive of the Complaint attached as Exhibit A) are attached to this Notice of Removal as Exhibit "D."

2

13.     Defendants will file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas of the State of Pennsylvania, County of Montgomery, the state court in which this action is currently pending as required by 28 U.S.C. § 1446(d).  A copy of this Notice of Removal is also being served upon Plaintiffs' Counsel as required by 28 U.S.C. § 1446(d).

WHEREFORE, for the reasons set forth above, Defendants pray that that this Notice of Removal be filed; that said State Court Action in the Court of Common Pleas of the State of Pennsylvania, County of Montgomery, be removed to and proceed in this Court; that no further proceedings be had in said case in the Court of Common Pleas of the State of Pennsylvania, County of Montgomery; and that this Court assume full jurisdiction over this action as provided by law.

Respectfully submitted,

Dated: February 26, 2018

Jerrold S. Kulback, Esq. (I.D. No. 84563)
Tanneika A. Minott, Esq. (I.D. No. 318501)
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103-7393
(215) 963-3300
Attorneys for Defendants

3

EXHIBIT "A"

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

SBG MANAGEMENT

vs.

GEORGE HAVILAND

NO.  2017-27355

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY  BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

PRIF0034
R 10/11

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

FRIEDMAN SCHUMAN, P.C.
By: Jeffrey S. Feldman, Esq.
    Pa. Atty. I.D. No.80352
101 Greenwood Avenue, 5th Floor
Jenkintown, PA 19046-2636
Tel: 215-635-7200; Fax: 215-635-7212
E-mail:  jfeldman@fsalaw.com

*Counsel for Plaintiff*
*SBG Management Services, Inc.*

| | | |
|---|---|---|
| SBG MANAGEMENT SERVICES, INC.,<br>d/b/a SBG MANAGEMENT and<br>PENNSYLVANIA JUNIOR HOCKEY CLUB, LLC | : | MONTGOMERY COUNTY<br>COURT OF COMMON PLEAS |
| | : | |
| | : | COMMONWEALTH OF PENNSYLVANIA |
| v. | : | NO.  2017-27355 |
| | : | |
| GEORGE HAVILAND, a/k/a GEORGE HAVILAND, JR.;<br>and NJ JUNIOR TITANS HOCKEY CLUB | : | |

## NOTICE TO DEFEND

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Lawyer Reference Service**
**Montgomery County Bar Association**
**100 West Airy Street (Rear)**
**Norristown, PA 19401**
**Phone (610) 279-9660, Extension 201**

FRIEDMAN SCHUMAN, P.C.
By: Jeffrey S. Feldman, Esq.
    Pa. Atty. I.D. No.80352
101 Greenwood Avenue, 5th Floor
Jenkintown, PA 19046-2636
Tel: 215-635-7200; Fax: 215-635-7212
E-mail:   jfeldman@fsalaw.com

*Counsel for Plaintiffs*
*SBG Management Services, Inc.*
*d/b/a SBG Management and*
*Pennsylvania Junior Hockey Club, LLC*

---

| | |
|---|---|
| SBG MANAGEMENT SERVICES, INC.<br>d/b/a SBG MANAGEMENT<br>P.O. Box 549<br>Abington, PA 19001 | MONTGOMERY COUNTY<br>COURT OF COMMON PLEAS<br><br>COMMONWEALTH OF PENNSYLVANIA<br>CIVIL ACTION |
|   and | NO.  2017-27355 |
| PENNSYLVANIA JUNIOR HOCKEY CLUB, LLC<br>P.O. Box 549<br>Abington, PA 19001 | |
|      *Plaintiffs,* | |
|   v. | |
| GEORGE HAVILAND, a/k/a GEORGE HAVILAND, JR.<br>214 Harmony Road<br>Middletown, NJ 07748 | |
|   and | |
| NJ JUNIOR TITANS HOCKEY CLUB<br>1410 Frances Drive<br>Wall, New Jersey  07719 | |
|      *Defendants.* | |

---

## COMPLAINT

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

Plaintiffs SBG Management Services, Inc. d/b/a SBG Management ("**SBG**") and Pennsylvania Junior Hockey Club, LLC ("**PJHC**") (collectively, "**Plaintiffs**"), by and through their undersigned counsel, hereby files their Complaint against defendant George Haviland, a/k/a , a/k/a George Haviland, Jr. ("**Haviland**") and NJ Junior Titans Hockey Club ("**NJ Junior Titans**") (collectively, "**Defendants**") and in support thereof, state as follows:

<u>**Parties**</u>

1.     Plaintiff SBG is a Pennsylvania corporation with a registered and principal place of business in Montgomery County, Pennsylvania with a mailing address of P.O. Box 549, Abington, PA 19001.

2.     Plaintiff PJHC is a Pennsylvania limited liability company with a registered and principal place of business in Montgomery County, Pennsylvania with a mailing address of P.O. Box 549, Abington, PA 19001.

3.     Defendant Haviland is an adult individual who, upon information and belief, is a resident and citizen of the State of New Jersey who maintains an office and usual place of business located at 214 Harmony Road, Middletown, New Jersey 07748 and resides at 1410 Frances Drive, Wall, New Jersey 07719.

4.     Upon information and belief, Defendant NJ Junior Titans is a New Jersey corporation that maintains a registered place of  business at 1410 Frances Drive, Wall, New Jersey 07719.

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

**Jurisdiction & Venue**

5.       This Court has subject matter jurisdiction over this dispute because the Pennsylvania Courts of Common Pleas are courts of general jurisdiction, and no other court in the Commonwealth of Pennsylvania has exclusive original jurisdiction over this action.  42 Pa. Cons. Stat. Ann. § 931.

6.       This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants:

        a.       as stated in greater detail below, purposefully and voluntarily entered into a written agreement with Plaintiffs in Pennsylvania;

        b.       as stated in greater detail below, breached their written agreement with Plaintiffs, and thus a cause of action arose against Defendants in Pennsylvania; and

        c.       have otherwise had substantial contacts with Pennsylvania and its residents.

7.       Venue lies in Montgomery County, Pennsylvania for this action pursuant to Pa. R. Civ. P. 1006(a)(1), 1006(b) and 2179 because Plaintiffs' cause of action against Defendants arose in Montgomery County, and transactions and occurrences took place in Montgomery County out of which Plaintiffs' cause of action against Defendants arose.

**FACTS**

8.       In 2016, Haviland was the principal authorized officer of Defendant NJ Junior Titans, a corporation that operates a junior hockey training and education program.

9.       On November 15, 2016, Philip Pulley, a duly authorized officer of Plaintiffs SBG and PJHC, had a telephone conversation with Haviland regarding PJHC's interest in purchasing certain

assets from NJ Junior Titans, including all title, rights, and interests in NJ Junior Titans' junior hockey teams that were franchise members and/or governors of the Eastern Hockey League (the "**EHL**") (hereafter, the "**Junior Team Assets**").

10.      During that telephone call, Haviland, in his personal capacity, represented to PJHC that he was authorized to enter into a transaction to sell the Junior Team Assets, and that he would personally provide the necessary cooperation to complete the sale transaction.

11.      During that telephone call, a verbal agreement was reached between Mr. Pulley and Haviland to have PJHC purchase the Junior Team Assets from NJ Junior Titans and transfer the Junior Team Assets to PJHC's business in Montgomery County, Pennsylvania.

12.      That same day, November 15, 2016, Mr. Pulley sent an email to Haviland confirming their verbal agreement to have PJHC purchase the Junior Team Assets (the "**November 15 Offer Email**").  A true and correct copy of Mr. Pulley's November 15, 2016 email, as it was eventually signed by Haviland on behalf of the NJ Junior Titans, is attached hereto as Exhibit A.

13.      The November 15 Offer Email was sent by Mr. Pulley while he was located in Montgomery County, Pennsylvania.

14.      On December 2, 2016, Haviland accepted and agreed to the terms of the November 15 Offer Email by modifying its terms slightly and then signing it on behalf of the NJ Junior Titans and returning it to Mr. Pulley (the "**December 2 Acceptance**").  See Exh. A.

15.      Mr. Pulley received the December 2 Acceptance from Haviland while he was located in Montgomery County, Pennsylvania.

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

16.     As such, a written agreement for the sale and purchase of the Junior Team Assets was reached on December 2, 2016 based on the terms of the December 2 Acceptance (the "**Sale Agreement**"). See Exh. A.

17.     Thereafter, Mr. Pulley made good faith attempts to fulfill PJHC's obligations under the Sale Agreement, including paying the initial $25,000 payment that was due on or before December 8, 2016, but Haviland did not respond to these attempts, and, as a result, the initial payment was not made prior to that date.

18.     However, because time was not of the essence with regard to the timing of the initial $25,000 payment pursuant to the Sale Agreement, the parties to the Sale Agreement continued to proceed with the transaction, and neither PJHC nor the NJ Junior Titans sought to cancel the transaction.

19.     Eventually, on December 20, 2016, Mr. Pulley contacted Haviland by text message and asked for correct address information for sending the $25,000 initial payment under the Sale Agreement.  A true and correct copy of the December 20, 2016 text message is attached hereto as Exhibit B.

20.     Thereafter, Mr. Pulley exchanged text messages with Haviland on December 22, 2016; December 27, 2016; and December 29, 2016 seeking to perform PJHC's obligations under the Sale Agreement. True and correct copies of those text messages are attached hereto as Exhibit C.

21.     On December 29, 2016, Haviland responded to Mr. Pulley via text message and said that he was going to "go in a different direction with [the] EHL [junior teams]," *i.e.*, the sale of the Junior Team Assets.  See Exh. C.

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

22.     Thereafter, Plaintiffs did not hear anything further from the Defendants with regard to the Sale Agreement.

23.     On January 6, 2017, PJHC's counsel  sent a letter to Haviland advising him that PJHC still intended to enforce the Sale Agreement and that PJHC had delivered the $25,000 initial payment contemplated by the Sale Agreement to PJHC's counsel to hold in escrow pending the closing on the sale of the Junior Team Assets..  A true and correct copy of PJHC's counsel's January 6, 2017 emailed letter to Haviland is attached hereto as Exhibit D.

24.     PJHC's counsel's office, which was holding the $25,000 in escrowed funds towards the purchase price of the Sale Agreement, is located in Montgomery County, Pennsylvania.

25.     To date, Defendants have not responded to PJHC's counsel's January 6, 2017 letter.

26.     Upon information and belief, NJ Junior Titans have since sold the Junior Team Assets to another party.

27.     After PJHC's counsel sent the January 6, 2017 letter, PJHC assigned its rights, title and interest under the Sale Agreement to SBG.

**Count One**
*SBG v. NJ Junior Titans*
**Breach of Contract**

28.     Plaintiffs hereby incorporate paragraphs 1 through 27 by reference as though set forth at length herein.

29.     PJHC, by and through its authorized officer, Mr. Pulley, made a written offer to NJ Junior Titans, by and through its authorized principal officer, Haviland, to purchase the Junior Team Assets, as set forth in the November 15 Offer Email.

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

30.     Upon information and belief, NJ Junior Titans, by and through its authorized principal officer, Haviland, modified the terms of the November 15 Offer Email and then signed it and accepted it on behalf of the NJ Junior Titans and returned it to PJHC's authorized officer, Mr. Pulley, as set forth in the December 2 Acceptance.

31.     PJHC accepted the terms of the December 2 Acceptance and, as a result, PJHC and NJ Junior Titans entered into the written Sale Agreement for the sale and purchase of the Junior Team Assets based on the December 2 Acceptance.  See Exh. A.

32.     The Sale Agreement is a written, legally binding and enforceable contract.

33.     PJHC performed its obligations pursuant to the Sale Agreement in good faith by attempting to forward the initial $25,000 payment due to NJ Junior Titans.  *See* Exhibits B, C, D.

34.     NJ Junior Titans materially breached the Sale Agreement by, *inter alia*: (a) failing to sell the Junior Team Assets to PJHC, (b) upon information and belief, selling the Junior Team Assets to another purchaser, and (c) failing to cooperate in good faith to consummate and close upon the transactions contemplated by the Sale Agreement.

35.     NJ Junior Titans have no legal justification for breaching the terms of the Sale Agreement.

36.     PJHC has assigned its rights, title and interest under the Sale Agreement to SBG.

37.     As a proximate result of NJ Junior Titans' uncured breaches of their obligations under the Sale Agreement, SBG has suffered foreseeable damages, including the lost value of the Junior Team Assets and the lost profits and opportunities that would have been generated from the Junior Team Assets, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, SBG respectfully requests that this Honorable Court enter judgment in its favor and against NJ Junior Titans in an amount not to exceed $50,000.00, plus pre-judgment interest, post-judgment interest at the statutory rate, costs, other damages, and any other relief that this Court deems just, necessary, proper and/or appropriate.

**Count Two**
(In the Alternative to Count One)
*PJHC v. NJ Junior Titans*
**Breach of Contract**

38.     Plaintiffs hereby incorporate paragraphs 1 through 37 by reference as though set forth at length herein.

39.     In the alternative to Count One above, in the event that PJHC's assignment of its rights under the Sale Agreement to SBG is deemed or adjudicated to be unenforceable for any reason, the Sale Agreement remains a written, legally binding and enforceable contract between PJHC and NJ Junior Titans.

40.     PJHC performed its obligations pursuant to the Sale Agreement by attempting to forward the initial $25,000 payment due to NJ Junior Titans. *See* Exhibits B, C, D.

41.     NJ Junior Titans materially breached the Sale Agreement by, *inter alia*: (a) failing to sell the Junior Team Assets to PJHC, (b) upon information and belief, selling the Junior Team Assets to another purchaser, and (c) failing to cooperate in good faith to consummate and close upon the transactions contemplated by the Sale Agreement.

42.     NJ Junior Titans have no legal justification for breaching the terms of the Sale Agreement.

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

43.     As a proximate result of NJ Junior Titans' uncured breaches of their obligations under the Sale Agreement, PJHC has suffered foreseeable damages, including the lost value of the Junior Team Assets and the lost profits and opportunities that would have been generated from the Junior Team Assets, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, PJHC respectfully requests that this Honorable Court enter judgment in its favor and against NJ Junior Titans in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus pre-judgment interest, post-judgment interest at the statutory rate, costs, other damages, and any other relief that this Court deems just, necessary, proper and/or appropriate.

## Count Three
### *Plaintiffs v. Haviland*
### Promissory Estoppel

44.     Plaintiffs hereby incorporate paragraphs 1 through 43 by reference as though set forth at length herein.

45.     During their November 15, 2016 telephone call, Haviland, in his personal capacity, represented to Mr. Pulley, and thus PJHC, that he was authorized to enter into a transaction to sell the Junior Team Assets, and that he would personally provide the necessary cooperation to complete the sale transaction.

46.     Haviland should have reasonably expected these representations to induce PJHC to make an offer to purchase, and agree to purchase, the Junior Team Assets.

47.     In reliance upon Haviland's representations and promises made in his personal capacity, PJHC offered to purchase, and agreed to purchase, the Junior Team Assets by sending the

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

November 15 Offer Email, accepting the December 2 Acceptance, and entering into the Sale Agreement.

48.     PJHC would not have entered into the Sale Agreement, or made the offer contained in the November 15 Offer Email, if it knew that (a) Haviland's representations and promises on November 15, 2016 were not true, or (b) Haviland did not intend to honor and fulfill those representations and promises.

49.     As a result of their reliance on Haviland's promises made in his individual capacity, PJHC, and later, SBG, to their detriment, incurred legal fees and other expenses attempting to enforce the Sale Agreement.

50.     Injustice can be avoided only by enforcing Haviland's promises.

51.     Plaintiffs should be awarded the economic value of Haviland's broken promises, namely, the lost value of the Junior Team Assets and the lost profits and opportunities that would have been generated from the Junior Team Assets.

WHEREFORE, PJHC and SBG respectfully request that this Honorable Court enter judgment in its favor and against Haviland in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus pre-judgment interest, post-judgment interest at the statutory rate, costs, other damages, and any other relief that this Court deems just, necessary, proper and/or appropriate.

Respectfully submitted,

FRIEDMAN SCHUMAN, P.C.

Date:  December 14, 2017        By:    /s/ JEFFREY S. FELDMAN
                                       Jeffrey S. Feldman, Esq.
                                       Pa. Atty. I.D. No. 80352
                                       101 Greenwood Avenue, 5th Floor
                                       Jenkintown, PA 19046-2636
                                       Tel:  215-635-7200; Fax: 215-635-7212

E-mail: jfeldman@fsalaw.com

*Counsel for Plaintiffs*
*SBG Management Services, Inc.*
*d/b/a SBG Management, and*
*Pennsylvania Junior Hockey Club, LLC*

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

MONTGOMERY COUNTY COURT OF COMMON PLEAS
COMMONWEALTH OF PENNSYLVANIA

| | |
|---|---|
| SBG MANAGEMENT SERVICES, INC., d/b/a SBG MANAGEMENT and PENNSYLVANIA JUNIOR HOCKEY CLUB, LLC | : MONTGOMERY COUNTY<br>: COURT OF COMMON PLEAS<br>:<br>: COMMONWEALTH OF PENNSYLVANIA<br>: |
| v. | : NO.  2017-27355 |
| GEORGE HAVILAND, a/k/a GEORGE HAVILAND, JR.; and NJ JUNIOR TITANS HOCKEY CLUB | : |

**VERIFICATION**

I, the undersigned, hereby certify and verify that I am of full legal age, that I am duly

authorized by plaintiffs SBG Management Services, Inc. and Pennsylvania Junior Hockey Club,

LLC to sign this Verification on their respective behalves, and that the facts set forth in the

foregoing Complaint are true and correct to the best of my knowledge, information and belief.

I understand that this statement is made subject to the penalties of 18 Pa. Cons. Stat. Ann.

§ 4904, relating to unsworn falsification to authorities.

Date: _____, 2017

Print name:  _philip puley_

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

# EXHIBIT A

From: Phil Pulley <ppulley@sbgmanagement.com>
To: George Haviland <havs11@aol.com>
Subject: RE: Junior Titians
Date: Tue, Nov 15, 2016 3:05 pm

This email is to confirm my conversation with George today that the Pennsylvania Junior Hockey Club, LLC (Buyer) is buying all right titles and interest in the Titans Junior teams that are a franchise member/governor of the Eastern Hockey League (EHL). The understanding is as follows;

The purchase price is Fifty Five Thousand dollars ($55, 000). The payments shall be paid as noted below.

The Titans will pay any and all fees, dues, penalties and outstanding balances due the EHL and USA Hockey (USAH). This is to ensure that the Franchise/ Interest is being transferred unencumbered.

The Titans warrant that they are members in good standing of the EHL and USAH.

The Titan represent that there are no player obligations outstanding.

The Titans represent that they have full authority to transfer all rights, title and interests.

The Titans will notify the EHL and USAH of its intent to reactivate for the 2017-2018 season. In the event that they do not, no further sums are due to the Titans from the Buyer.

The Titans have no outstanding tax obligations.

The Titans will indemnify, defend and hold harmless the Pennsylvania Junior Hockey Club, LLC against any and all claims or demands.

The Titans are permitted to play in the Premier Division of the EHL.

The Buyer may re brand the Titans as the buyer deems.

The Buyer may relocate the Titans as buyer deems.

This Agreement does not include the AMHL team.

The payment schedule is as follows

1.   Twenty Five Thousand dollars ($25,000) is to be paid by November 30th, 2016  *by December 8th, 2016* GH
2.   The balance of the purchase price will be paid in equal payments of $7,500 *3 GH $10,000 GH* due on the first of September 2017-2018-2019 and 2020.

This Agreement will expire on 12-16-2016  *12-6-16*

Accepted and Agreed

*12-2-16*

Titans

Philip C. Pulley
SBG Management Services, Inc.
Philadelphia Revolution
P O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6981 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com
Web: www.philadelphiarevolution.net

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

# EXHIBIT B

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

To: **George Havlin**

**iMessage**
**Tue, Dec 20,** 8:56 AM

**Good morning just got back I'm in the office please send me your overnight address so I can overnight you the check**

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

# EXHIBIT C

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

To: **George Havlin**

**Thu, Dec 22,** 3:28 PM

Just touching base want to get you your money

Where do I send it to

I'm resending U agreement to sign with

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

To: George Havlin



I'm resending U agreement to sign with address attached

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

To: **George Havlin**

**Thank you I'll handle it tomorrow**

**Tue, Dec 27,** 11:52 AM

**George where do I send the check to**

**Tue, Dec 27,** 3:02 PM

**George are you**

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

## To: George Havlin

**Tue, Dec 27,** 3:02 PM

**George are you out there**

**Tue, Dec 27,** 8:57 PM

**Are you out there??????**



**Thu, Dec 29,** 11:38 AM

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

To: **George Havlin**

**Thu, Dec 29,** 11:38 AM

**Are you out there**

**Money where do I send**

**Friday** 10:09 AM

**George are you out there**

**Dhil had aunt**

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

To: **George Havlin**

**Thu, Dec 29,** 11:38 AM

> **Are you out there**
>
> **Money where do I send**

**Friday** 10:09 AM

> **George are you out there**

# Phil had aunt

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

To: George Havlin

Phil had aunt died dealing with the mess im only one to handle im go in a different direction with EHL

Thank you sorry to hear of your loss

To: **George Havlin**

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

**Thank you sorry to hear of your loss**

**Does that mean you're selling your franchise to another party**

**Just want to be clear**

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00

# EXHIBIT D



FRIEDMAN SCHUMAN

Attorneys at Law • A Professional Corporation

Kerry S. Schuman, Esquire
Direct Dial: (215) 690-3812
KSchuman@fsalaw.com

www.fsalaw.com

Main Office
101 Greenwood Avenue, Fifth Floor
Jenkintown, PA  19046
Phone: (215) 635-7200
Fax: (215) 635-7212

January 6, 2017

*VIA EMAIL – havs11@aol.com*
Mr. George Haviland

     **Re:**   **Pennsylvania Junior Hockey Club, LLC v. George Haviland (Titans Junior
              Teams – Franchise Member/Governor in Eastern Hockey League)**

Dear Mr. Haviland:

       I represent Pennsylvania Junior Hockey Club, LLC with regard to the Agreement of Sale
that you accepted on December 2, 2016.

       I have reviewed the Agreement of Sale that you executed on December 2, 2016.  I have
further reviewed all of the texts between you and Mr. Pulley.  It is unquestionable that there is a
valid binding contract.  Furthermore, Mr. Pulley only had an email address for you and at all
times was ready, willing and able to complete the purchase.  He made multiple attempts to obtain
an address for you so that he could tender the purchase price as required by the Agreement.

       Your email indicating that you intend to go in a "different direction with EHL" is a
breach of the Agreement.  My client wishes to fully complete the Agreement.  My client has
been advised that you intend to sell the franchise to another buyer.  This is a further breach of the
Agreement.

       Unless you complete the contract within seven (7) days from the date of this letter, my
client intends to enforce the Agreement of Sale to compel you to complete the transaction.  In
addition to damages that will be sought, my client will also seek an injunction to prevent you
from selling the franchise to anyone else.

       My client has delivered to me the $25,000 check made payable to you, since you failed
and refused to provide a delivery address.  I will hold the check in escrow pending closing.

{Client Files/004030/00000/00991773.DOCX;1}

Jenkintown, PA • Doylestown, PA • Cherry Hill, NJ • Wilmington, DE

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/14/2017 2:17 PM, Fee = $0.00



FRIEDMAN SCHUMAN

Attorneys at Law • A Professional Corporation

Mr. George Haviland
January 6, 2017
Page 2

In the hopes that this can be amicably resolved, I remain

Very truly yours,

KERRY S. SCHUMAN

KSS/ss
cc:    Mr. Philip C. Pulley

{Client Files/004030/00000/00991773.DOCX;1}

Case# 2017-27355-3 Docketed at Montgomery County Prothonotary on 12/14/2017 3:27 PM, Fee = $0.00

**MONTGOMERY COUNTY COURT OF COMMON PLEAS**
**COMMONWEALTH OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| SBG MANAGEMENT SERVICES, INC., | : | MONTGOMERY COUNTY |
| d/b/a SBG MANAGEMENT and | : | COURT OF COMMON PLEAS |
| PENNSYLVANIA JUNIOR HOCKEY CLUB, LLC | : | |
| | : | COMMONWEALTH OF PENNSYLVANIA |
| | : | |
| v. | : | NO. 2017-27355 |
| | : | |
| | : | |
| GEORGE HAVILAND, a/k/a GEORGE HAVILAND, JR.; | : | |
| and NJ JUNIOR TITANS HOCKEY CLUB | : | |

**CERTIFICATE OF SERVICE**

I, Jeffrey S. Feldman, Esq., hereby certify that, on the date shown below, a true and correct copy of the foregoing Complaint, with its attached Exhibits, supporting Verification, and Notice to Defend (collectively, the **"Complaint Package"**), was electronically filed with the Montgomery County Court of Common Pleas E-Filing System and is available for download by Defendants.

I further hereby certify that, on the date shown below, a true and correct copy of the Complaint Package was sent to defendant George Haviland via First Class Mail, postage prepaid, addressed as follows:

George Haviland
214 Harmony Road
Middletown, NJ 07748

I further hereby certify that, on the date shown below, a true and correct copy of the Complaint Package was sent to defendant NJ Junior Titans Hockey Club via both Certified Mail, restricted delivery, postage prepaid, and First Class Mail, postage prepaid, addressed as follows:

NJ Junior Titans Hockey Club
1410 Frances Drive
Wall, NJ 07719

Date: <u>December 14, 2017</u>     By:     <u>/s/ JEFFREY S. FELDMAN</u>
                                              Jeffrey S. Feldman, Esq.
                                              *Counsel for Plaintiffs*
                                              *SBG Management Services, Inc.*
                                              *d/b/a SBG Management, and*
                                              *Pennsylvania Junior Hockey Club, LLC*

EXHIBIT "B"



Jerrold S. Kulback
*Also Member of New Jersey Bar*
jkulback@archerlaw.com
215-246-3162 (Ext. 5162) Direct
215-963-9999 Direct Fax

Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
(215) 963-3300 Main
(215) 963-9999 Fax
www.archerlaw.com

January 29, 2018

**EMAIL AND REGULAR MAIL**

Jeffrey S. Feldman, Esquire
Friedman Schuman, P.C.
101 Greenwood Avenue, 5th Floor
Jenkintown, PA 19046

      Re:   <u>SBG Management Services et al v. George Haviland et al</u>,
           Montgomery CCP Case No. 2017-27355

Dear Mr. Feldman:

      Our firm has been retained by George Haviland and the NJ Junior Titans Hockey Club in connection with the above referenced matter. Kindly advise whether you will agree to vacate the default judgment as to liability that was filed with the court on January 17, 2018, so that we may respond to the Complaint.

      In addition, in reviewing the Complaint I noticed inconsistences with respect to your requested relief. On page 8, you request damages "in an amount not to exceed $50,000" while on pages 9 and 10, you request damages in excess of $50,000. Please also confirm in writing that your total damages will not exceed $75,000.

      In light of the entry of default judgment as to liability, please respond to this inquiry no later than February 1, 2018. Thank you for your consideration.

                    Very truly yours,

                    JERROLD S. KULBACK

cc.   Mr. George Haviland

EXHIBIT "C"



FRIEDMAN SCHUMAN

Attorneys at Law • A Professional Corporation

Jeffrey S. Feldman
Direct Dial: (215) 690-3824
JFeldman@fsalaw.com

www.fsalaw.com

Main Office
101 Greenwood Avenue, Fifth Floor
Jenkintown, PA  19046
Phone: (215) 635-7200
Fax: (215) 635-7212

**VIA E-MAIL**                                    January 31, 2018

Jerrold S. Kulback, Esq.
Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Ste. 3500
Philadelphia, PA 19103
E-mail: jkulback@archerlaw.com

> **Re:**   *SBG Management Services, et al. v. Haviland, et al.*
> Montgomery Cty. Ct. Comm. Pl., Case No. 2017-27355

Dear Mr. Kulback:

Thank you for your letter of January 29, 2018 regarding the case referenced above.

As a courtesy to counsel, Plaintiffs will grant your request to vacate the default judgment as to liability that was filed with the Court as to Mr. Haviland on January 17, 2018 so that both Defendants may respond to the Complaint.   Please prepare an appropriate Stipulation for my review at your earliest convenience.

This will confirm that Plaintiffs are seeking in excess of Fifty Thousand Dollars ($50,000.00) on their claims, and that the reference on page 8 of the Complaint to "an amount not to exceed $50,000" was an inadvertent typographical error.  I apologize for any confusion that error may have caused.  This will also confirm that, at present, my clients' total claimed damages do, in fact, exceed Seventy-Five Thousand Dollars ($75,000.00).

Please do not hesitate to contact me if you have any questions or would like to discuss this matter further.  Thanks again.

Very truly yours,

Jeffrey S. Feldman

EXHIBIT "D"

5

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: 17-27355 | Time Stamp |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [ ] Complaint
- [ ] Writ of Summons
- [ ] Transfer from Another Jurisdiction
- [ ] Petition
- [ ] Declaration of Taking

Lead Plaintiff's Name: Sbb Management

Lead Defendant's Name: George Haviland

Are money damages requested? [X] Yes  [ ] No

Dollar Amount Requested: (check one)  [X] within arbitration limits  [ ] outside arbitration limits

Is this a *Class Action Suit*?  [ ] Yes  [X] No

Is this an *MDJ Appeal*?  [X] Yes  [ ] No

Name of Plaintiff/Appellant's Attorney: _____
- [ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability (*does not include mass tort*)
- [ ] Slander/ Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- [X] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

_____

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

_____

- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

_____

- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto

2017-27355-0000  11 21 2017 11:57 AM  = 11534865
Defendants Appeal from District Justice
Rcpt:2017-5-412245  Fee:$273.25
Mark Levy - MontCo Prothonotary

*Updated 1/1/2011*

COMMONWEALTH OF PENNSYLVANIA

NOTICE OF APPEAL
FROM
MAGISTERIAL DISTRICT COURT JUDGMENT

COURT OF COMMON PLEAS
JUDICIAL DISTRICT

COMMON PLEAS NO. 11-2?355

## NOTICE OF APPEAL

Notice is given that the appellant has filed in the above Court of Common Pleas an appeal from the judgment rendered by the Magisterial District Judge on the date and in the case mentioned below.

| Name of Appellant | MAG.DIST.NO. or Name of M.D.J. |
|---|---|
| George Haviland | 38-1-04 Kessler |

| ADDRESS OF APPELLANT | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 214 Harmony Rd Middletown | NJ | 07748 |

| DATE OF JUDGMENT | IN THE CASE OF (Plaintiff) | (Defendant) |
|---|---|---|
| 10-24-2017 | Sb6 Management | George Haviland |

| CLAIM NO. | SIGNATURE OF APPELLANT OR HIS ATTORNEY OR AGENT |
|---|---|
| CV 20 0000 207-2017 | |
| LT 20 | |

This block will be signed ONLY when this notation is required under PA. R.C.P.J.P. No 1008B
This notice of Appeal, when received by the Magisterial District Judge, will operate as a SUPERSEDEAS to the Judgment for possession in this case.

_____
Signature of Prothonotary or Deputy

If appellant was Claimant (see Pa. R.C.P.J.P No. 1001(6) in action before the Magisterial District Judge, he/she

MUST FILE A COMPLAINT within twenty (20) days

after filing his/hers NOTICE of APPEAL.

## PRAECIPE TO ENTER RULE TO FILE COMPLAINT AND RULE TO FILE

(This section of form to be used ONLY when appellant was DEFENDANT (see Pa. R.C.P.J.P. No. 1001(7) in action before the Magisterial District Judge. If NOT USED, Detach from copy of notice of appeal to be served upon appellee.)

PRAECIPE: To Prothonotary Sb6 Management

Enter rule upon _____, appellee(s), to file a complaint in this appeal
Name of appellee(s)

(Common Pleas No. 11-2?365 ) within twenty (20) days after service of rule or suffer entry of judgment of non pros.

RULE: To Sb6 Management

_____
Name of appellee(s)

Signature of appellant or his attorney or agent

(1) You are notified that a rule is hereby entered upon you to file a complaint in this appeal within twenty (20) days after the date of service of this rule upon you by personal service or by certified registered mail.

(2) If you do not file a complaint within this time, a JUDGMENT OF NON PROS WILL BE ENTERED AGAINST YOU.

(3) The date of service of this rule if service was by mail is the date of mailing.

Date: NOV 21, 2017 , 20 017

_____
Signature of Prothonotary or Deputy

YOU MUST INCLUDE A COPY OF THE NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH THIS NOTICE OF APPEAL

Revised 10/14

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF MONTGOMERY



**NOTICE OF JUDGMENT/TRANSCRIPT
CIVIL CASE**

| | |
|---|---|
| Mag. Dist. No: | MDJ-38-1-04 |
| MDJ Name: | Honorable John D. Kessler |
| Address | 1150 Old York Road |
| | Abington, PA 19001 |
| Telephone: | 215-887-2362 |

Sbg Management
v.
George Haviland

George Haviland
Middletown Ice World/Sports Complex
214 Harmony Road
Middletown, NJ 07748

Docket No: MJ-38104-CV-0000207-2017
Case Filed: 9/19/2017

## Disposition Summary (cc - Cross Complaint)

| Docket No | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-38104-CV-0000207-2017 | Sbg Management | George Haviland | Default Judgment for Plaintiff | 10/24/2017 |

## Judgment Summary

| Participant | Joint/Several Liability | Individual Liability | Amount |
|---|---|---|---|
| George Haviland | $0.00 | $12,156.34 | $12,156.34 |
| Sbg Management | $0.00 | $0.00 | $0.00 |

## Judgment Finding (*Post Judgment)

In the matter of Sbg Management vs. George Haviland on MJ-38104-CV-0000207-2017, on 10/24/2017 the judgment was awarded as follows:

| Judgment Component | Joint/Several Liability | Individual Liability | Deposit Applied | Amount |
|---|---|---|---|---|
| Civil Judgment | 0.00 | $12,000.00 | | $12,000.00 |
| Filing Fees | 0.00 | $156.34 | | $156.34 |
| | | | Grand Total: | $12,156.34 |

## Comments:

ANY PARTY HAS THE RIGHT TO APPEAL WITHIN 30 DAYS AFTER THE ENTRY OF JUDGMENT BY FILING A NOTICE OF APPEAL WITH THE PROTHONOTARY/CLERK OF COURT OF COMMON PLEAS, CIVIL DIVISION. YOU MUST INCLUDE A COPY OF THIS NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH YOUR NOTICE OF APPEAL.

EXCEPT AS OTHERWISE PROVIDED IN THE RULES OF CIVIL PROCEDURE FOR MAGISTERIAL DISTRICT JUDGES, IF THE JUDGMENT HOLDER ELECTS TO ENTER THE JUDGMENT IN THE COURT OF COMMON PLEAS, ALL FURTHER PROCESS MUST COME FROM THE COURT OF COMMON PLEAS AND NO FURTHER PROCESS MAY BE ISSUED BY THE MAGISTERIAL DISTRICT JUDGE.

UNLESS THE JUDGMENT IS ENTERED IN THE COURT OF COMMON PLEAS, ANYONE INTERESTED IN THE JUDGMENT MAY FILE A REQUEST FOR ENTRY OF SATISFACTION WITH THE MAGISTERIAL DISTRICT JUDGE IF THE JUDGMENT DEBTOR PAYS IN FULL, SETTLES, OR OTHERWISE COMPLIES WITH THE JUDGMENT.

10/24/17
_____
Date

John G. Kessler
_____
Magisterial District Judge Kessler

I certify that this is a true and correct copy of the record of the proceedings containing the judgment.

_____
Date

_____
Magisterial District Judge

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF MONTGOMERY



## Civil Action Hearing Notice

| | |
|---|---|
| Mag. Dist. No: | MDJ-38-1-04 |
| MDJ Name: | Honorable John D. Kessler |
| Address: | 1150 Old York Road<br>Abington, PA  19001 |
| Telephone: | 215-887-2362 |

George Haviland
Middletown Ice World/Sports Complex
214 Harmony Road
Middletown, NJ  07748

Sbg Management
v.
George  Haviland

Docket No:   MJ-38104-CV-0000207-2017
Case Filed:  9/19/2017

A civil complaint has been filed against you in the above captioned case.

A Civil Action Hearing has been scheduled to be held on/at

| Date: **Tuesday, October 24, 2017** | Place:   Magisterial District Court 38-1-04,  Abington |
|---|---|
| Time: **9:00 AM** | 1150 Old York Road<br>Abington, PA  19001<br>215-887-2362 |

## Notice To Defendant

If you intend to enter a defense to this complaint, you should so notify this office immediately at the above telephone number.

**You must appear at the hearing and present your defense.  Unless you do, judgment may be entered against you by default.**

If you have a claim against the plaintiff which is within magisterial district judge jurisdiction and which you intend to assert at the hearing, you must file it on a complaint form at this office at least five days before the date set for the hearing.

Pursuant to Pa.R.C.P.M.D.J. No. 342(B)(2), no claim by the defendant will be permitted in a supplementary action filed for failure of judgment creditor to enter satisfaction.

## Notice To Plaintiff

Pursuant to Pa.R.C.P.M.D.J. No. 318, you or your attorney will be notified if the defendant gives notice of his/her intention to defend.

If you are disabled and require a reasonable accommodation to gain access to the Magisterial District Court and its services, please contact the Magisterial District Court at the above address or telephone number.  We are unable to provide transportation.

Si usted necesita un intérprete, llame al tribunal inmediatamente al teléfono listado arriba.

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF: _____ montgomery

**CIVIL COMPLAINT**

| | |
|---|---|
| Magisterial District Number: | 38-1-04 |
| MDJ Name. Hon. | JOHN D KESSLER |
| Address: | 1150 OLD YORK ROAD |
| | ABINGTON, PA 19001-2606 |
| Telephone: ( ) 215 887-2362 | |

PLAINTIFF:    NAME and ADDRESS

SBG MANAGEMENT
PHILIP PULLEY
PO BOX 549
ABINGTON, PA 19001

VS.

DEFENDANT:    NAME and ADDRESS

GEORGE HAVILAND
MIDDLETOWN ICE WORLD/
SPORTS COMPLEX
214 HARMONY ROAD
MIDDLETOWN, NJ 07748

Docket No.: CV-207-17
Date Filed: 9|14|17

| | AMOUNT | DATE PAID |
|---|---|---|
| FILING COSTS | $ | |
| POSTAGE | $ | |
| SERVICE COSTS | $ | |
| CONSTABLE ED. | $ | |
| TOTAL | $ 173.15 | 9|14|17 |

*Social security numbers and financial information (e.g. PINS) should not be listed. If the identity of an account number must be established, list only the last four digits. 204 Pa.Code §§ 213.1 - 213.7.*

Pa.R.C.P.M.D.J. No. 206 sets forth those costs recoverable by the prevailing party.

TO THE DEFENDANT: The above named plaintiff(s) asks judgment against you for $_____ together with costs upon the following claim (Civil fines must include citation of the statute or ordinance violated):

Had fully executed contract for purchase of ice hockey teams.
Seller did not honor agreement which caused buyer to sustain legal fees and loss of opportunity.
Amount of claim $12,000.00

I, *Philip Pulley* verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information, and belief. This statement is made subject to the penalties of Section 4904 of the Crimes Code (18 PA. C.S. § 4904) related to unsworn falsification to authorities.

(Signature of Plaintiff or Authorized Agent)

The plaintiff's attorney shall file an entry of appearance with the magisterial district court pursuant to Pa.R.C.P.M.D.J. 207.1.

IF YOU INTEND TO ENTER A DEFENSE TO THIS COMPLAINT, YOU SHOULD NOTIFY THIS OFFICE IMMEDIATELY AT THE ABOVE TELEPHONE NUMBER. YOU MUST APPEAR AT THE HEARING AND PRESENT YOUR DEFENSE. UNLESS YOU DO, JUDGMENT MAY BE ENTERED AGAINST YOU BY DEFAULT.

If you have a claim against the plaintiff which is within the magisterial district judge jurisdiction and which you intend to assert at the hearing, you must file it on a complaint form at this office at least five days before the date set for the hearing.

If you are disabled and require a reasonable accommodation to gain access to the Magisterial District Court and its services, please contact the Magisterial District Court at the above address or telephone number. We are unable to provide transportation.

AOPC 308A-11

COMMONWEALTH OF PENNSYLVANIA
**COURT OF COMMON PLEAS**
**JUDICIAL DISTRICT**

**NOTICE OF APPEAL**
**FROM**
**MAGISTERIAL DISTRICT COURT JUDGMENT**

COMMON PLEAS NO. *11-27355*

## NOTICE OF APPEAL

Notice is given that the appellant has filed in the above Court of Common Pleas an appeal from the judgment rendered by the Magisterial District Judge on the date and in the case mentioned below.

| Name of Appellant | MAG. DIST.NO. or Name of M.D.J. |
|---|---|
| *George Haviland* | *38-1-04   Kessler* |

| ADDRESS OF APPELLANT | CITY | STATE | ZIP CODE |
|---|---|---|---|
| *214 Harmony Rd* | *Middletown* | *NJ* | *07748* |

| DATE OF JUDGMENT | IN THE CASE OF *(Plaintiff)* | *(Defendant)* |
|---|---|---|
| *10-24-2017* | *Sb6 Management* | *George Haviland* |

| CLAIM NO. | SIGNATURE OF APPELLANT OR HIS ATTORNEY OR AGENT |
|---|---|
| CV 20 *0000267-2017* | |
| LT 20 | |

| This block will be signed ONLY when this notation is required under PA. R.C.P.J.P. No 1008B<br>This notice of Appeal, when received by the Magisterial District Judge, will operate as a SUPERSEDEAS to the judgment for possession in this case. | If appellant was Claimant (see Pa. R.C.P.J.P. No. 1001(6) in action before the Magisterial District Judge, he/she<br><br>*MUST FILE A COMPLAINT within twenty (20) days*<br><br>*after filing his/hers NOTICE of APPEAL.* |
|---|---|
| *Signature of Prothonotary or Deputy* | |

## PRAECIPE TO ENTER RULE TO FILE COMPLAINT AND RULE TO FILE

*(This section of form to be used ONLY when appellant was DEFENDANT (see Pa. R.C.P.J.P. No. 1001(7) in action before the Magisterial District Judge. If NOT USED, Detach from copy of notice of appeal to be served upon appellee.)*

PRAECIPE: To Prothonotary *Sb6 Management*

Enter rule upon _____, appellee(s), to file a complaint in this appeal
Name of appellee(s)

(Common Pleas No. *11-27355* ) within twenty (20) days after service of rule or suffer entry of judgment of non pros.

RULE: To *Sb6 Management*
Name of appellee(s)

*Signature of appellant or his attorney or agent*

(1) You are notified that a rule is hereby entered upon you to file a complaint in this appeal within twenty (20) days after the date of service of this rule upon you by personal service or by certified registered mail.

(2) If you do not file a complaint within this time, a JUDGMENT OF NON PROS WILL BE ENTERED AGAINST YOU.

(3) The date of service of this rule if service was by mail is the date of mailing.

Date: *Nov 21, 2017* , 20 *17*

*Signature of Prothonotary or Deputy*

**YOU MUST INCLUDE A COPY OF THE NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH THIS NOTICE OF APPEAL**

2017-27355-0001   11 21 2017 11:59 AM = 11534866
Praec to Enter Rule Upon
Rcpt=2017-5-02245  Fee:$0.00
Mark Levy - MontCo Prothonotary

Revised 10/14

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

SBG MANAGEMENT

vs.

GEORGE HAVILAND

NO.  2017-27355

**PRAECIPE TO REINSTATE / REISSUE**

TO THE PROTHONOTARY:

(      )        REISSUE WRIT

(      )        REINSTATE COMPLAINT

ORIGINAL SIGNATURE RETAINED
BY THE FILING PARTY
Signature/ID Number

JEFFREY S FELDMAN, ESQ.
Print Name

101 GREENWOOD AVENUE  , 5TH FLO
Address

JENKINTOWN, PA 19046-2636

(215) 890-3824
Phone

Case# 2017-27355-4 Docketed at Montgomery County Prothonotary on 01/05/2018 11:39 A.M, Fee = $0.00

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYl

SBG MANAGEMENT

vs.

GEORGE HAVILAND

NO.  2017-27355

REINSTATED
Claire Hart 1/5/2018

## NOTICE TO DEFEND - CIVIL

      You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

      YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

      IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY  BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

Case# 2017-27355-4 Docketed at Montgomery County Prothonotary on 01/05/2018 11:13 PM Fee = $8.00

**FRIEDMAN SCHUMAN, P.C.**
By: Jeffrey S. Feldman, Esq.
   Pa. Atty. I.D. No.80352
101 Greenwood Avenue, 5th Floor
Jenkintown, PA 19046-2636
Tel: 215-635-7200; Fax: 215-635-7212
E-mail:   jfeldman@fsalaw.com

*Counsel for Plaintiff*
*SBG Management Services, Inc.*

| | |
|---|---|
| SBG MANAGEMENT SERVICES, INC., | :    MONTGOMERY COUNTY |
| d/b/a  SBG MANAGEMENT and | :    COURT OF COMMON PLEAS |
| PENNSYLVANIA JUNIOR HOCKEY CLUB, LLC | : |
| | :    COMMONWEALTH OF PENNSYLVANIA |
| | : |
|       v. | :    NO.  2017-27355 |
| | : |
| GEORGE HAVILAND, a/k/a GEORGE HAVILAND, JR.; | : |
| and NJ JUNIOR TITANS HOCKEY CLUB | : |

### <u>NOTICE TO DEFEND</u>

       You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

       YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

       IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Lawyer Reference Service**
**Montgomery County Bar Association**
**100 West Airy Street (Rear)**
**Norristown, PA 19401**
**Phone (610) 279-9660, Extension 201**

Case# 2017-27355-4 Docketed at Montgomery County Prothonotary on 01/05/2018 11:13 PM Fee = $80.00

**FRIEDMAN SCHUMAN, P.C.**
By: Jeffrey S. Feldman, Esq.
    Pa. Atty. I.D. No.80352
101 Greenwood Avenue, 5th Floor
Jenkintown, PA 19046-2636
Tel: 215-635-7200; Fax: 215-635-7212
E-mail:   jfeldman@fsalaw.com

*Counsel for Plaintiffs*
*SBG Management Services, Inc.*
*d/b/a SBG Management and*
*Pennsylvania Junior Hockey Club, LLC*

---

| | |
|---|---|
| SBG MANAGEMENT SERVICES, INC.<br>d/b/a SBG MANAGEMENT<br>P.O. Box 549<br>Abington, PA 19001 | MONTGOMERY COUNTY<br>COURT OF COMMON PLEAS |
|     and | COMMONWEALTH OF PENNSYLVANIA<br>CIVIL ACTION |
| PENNSYLVANIA JUNIOR HOCKEY CLUB, LLC<br>P.O. Box 549<br>Abington, PA 19001 | NO.  2017-27355 |
|                  *Plaintiffs,* | |
|     v. | |
| GEORGE HAVILAND, a/k/a GEORGE HAVILAND, JR.<br>214 Harmony Road<br>Middletown, NJ 07748 | |
|     and | |
| NJ JUNIOR TITANS HOCKEY CLUB<br>1410 Frances Drive<br>Wall, New Jersey  07719 | |
|                *Defendants.* | |

---

## COMPLAINT

Case # 2017-27355-3 Docketed at Montgomery County Prothonotary on 01/05/2018 11:39 AM Fee = $6000

Plaintiffs SBG Management Services, Inc. d/b/a SBG Management ("**SBG**") and Pennsylvania Junior Hockey Club, LLC ("**PJHC**") (collectively, "**Plaintiffs**"), by and through their undersigned counsel, hereby files their Complaint against defendant George Haviland, a/k/a , a/k/a George Haviland, Jr. ("**Haviland**") and NJ Junior Titans Hockey Club ("**NJ Junior Titans**") (collectively, "**Defendants**") and in support thereof, state as follows:

<u>Parties</u>

1.    Plaintiff SBG is a Pennsylvania corporation with a registered and principal place of business in Montgomery County, Pennsylvania with a mailing address of P.O. Box 549, Abington, PA 19001.

2.    Plaintiff PJHC is a Pennsylvania limited liability company with a registered and principal place of business in Montgomery County, Pennsylvania with a mailing address of P.O. Box 549, Abington, PA 19001.

3.    Defendant Haviland is an adult individual who, upon information and belief, is a resident and citizen of the State of New Jersey who maintains an office and usual place of business located at 214 Harmony Road, Middletown, New Jersey 07748 and resides at 1410 Frances Drive, Wall, New Jersey 07719.

4.    Upon information and belief, Defendant NJ Junior Titans is a New Jersey corporation that maintains a registered place of business at 1410 Frances Drive, Wall, New Jersey 07719.

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 01/05/2018 11:32 AM Fee = $8.00

**Jurisdiction & Venue**

5.      This Court has subject matter jurisdiction over this dispute because the Pennsylvania Courts of Common Pleas are courts of general jurisdiction, and no other court in the Commonwealth of Pennsylvania has exclusive original jurisdiction over this action.  42 Pa. Cons. Stat. Ann. § 931.

6.      This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants:

   a.      as stated in greater detail below, purposefully and voluntarily entered into a written agreement with Plaintiffs in Pennsylvania;

   b.      as stated in greater detail below, breached their written agreement with Plaintiffs, and thus a cause of action arose against Defendants in Pennsylvania; and

   c.      have otherwise had substantial contacts with Pennsylvania and its residents.

7.      Venue lies in Montgomery County, Pennsylvania for this action pursuant to Pa. R. Civ. P. 1006(a)(1), 1006(b) and 2179 because Plaintiffs' cause of action against Defendants arose in Montgomery County, and transactions and occurrences took place in Montgomery County out of which Plaintiffs' cause of action against Defendants arose.

**FACTS**

8.      In 2016, Haviland was the principal authorized officer of Defendant NJ Junior Titans, a corporation that operates a junior hockey training and education program.

9.      On November 15, 2016, Philip Pulley, a duly authorized officer of Plaintiffs SBG and PJHC, had a telephone conversation with Haviland regarding PJHC's interest in purchasing certain

assets from NJ Junior Titans, including all title, rights, and interests in NJ Junior Titans' junior hockey teams that were franchise members and/or governors of the Eastern Hockey League (the "EHL") (hereafter, the "**Junior Team Assets**").

10.    During that telephone call, Haviland, in his personal capacity, represented to PJHC that he was authorized to enter into a transaction to sell the Junior Team Assets, and that he would personally provide the necessary cooperation to complete the sale transaction.

11.    During that telephone call, a verbal agreement was reached between Mr. Pulley and Haviland to have PJHC purchase the Junior Team Assets from NJ Junior Titans and transfer the Junior Team Assets to PJHC's business in Montgomery County, Pennsylvania.

12.    That same day, November 15, 2016, Mr. Pulley sent an email to Haviland confirming their verbal agreement to have PJHC purchase the Junior Team Assets (the "**November 15 Offer Email**").  A true and correct copy of Mr. Pulley's November 15, 2016 email, as it was eventually signed by Haviland on behalf of the NJ Junior Titans, is attached hereto as Exhibit A.

13.    The November 15 Offer Email was sent by Mr. Pulley while he was located in Montgomery County, Pennsylvania.

14.    On December 2, 2016, Haviland accepted and agreed to the terms of the November 15 Offer Email by modifying its terms slightly and then signing it on behalf of the NJ Junior Titans and returning it to Mr. Pulley (the "**December 2 Acceptance**").  See Exh. A.

15.    Mr. Pulley received the December 2 Acceptance from Haviland while he was located in Montgomery County, Pennsylvania.

Case# 2017-27355-4 Docketed at Montgomery County Prothonotary on 01/04/2018 11:39 AM Fee = $0.00

Case# 2017-27355-4 Docketed at Montgomery County Prothonotary on 01/05/2018 11:39 AM Fee = $0.00

16.     As such, a written agreement for the sale and purchase of the Junior Team Assets was reached on December 2, 2016 based on the terms of the December 2 Acceptance (the "**Sale Agreement**"). See Exh. A.

17.     Thereafter, Mr. Pulley made good faith attempts to fulfill PJHC's obligations under the Sale Agreement, including paying the initial $25,000 payment that was due on or before December 8, 2016, but Haviland did not respond to these attempts, and, as a result, the initial payment was not made prior to that date.

18.     However, because time was not of the essence with regard to the timing of the initial $25,000 payment pursuant to the Sale Agreement, the parties to the Sale Agreement continued to proceed with the transaction, and neither PJHC nor the NJ Junior Titans sought to cancel the transaction.

19.     Eventually, on December 20, 2016, Mr. Pulley contacted Haviland by text message and asked for correct address information for sending the $25,000 initial payment under the Sale Agreement.  A true and correct copy of the December 20, 2016 text message is attached hereto as Exhibit B.

20.     Thereafter, Mr. Pulley exchanged text messages with Haviland on December 22, 2016; December 27, 2016; and December 29, 2016 seeking to perform PJHC's obligations under the Sale Agreement. True and correct copies of those text messages are attached hereto as Exhibit C.

21.     On December 29, 2016, Haviland responded to Mr. Pulley via text message and said that he was going to "go in a different direction with [the] EHL [junior teams]," *i.e.*, the sale of the Junior Team Assets. See Exh. C.

22.     Thereafter, Plaintiffs did not hear anything further from the Defendants with regard to the Sale Agreement.

23.     On January 6, 2017, PJHC's counsel sent a letter to Haviland advising him that PJHC still intended to enforce the Sale Agreement and that PJHC had delivered the $25,000 initial payment contemplated by the Sale Agreement to PJHC's counsel to hold in escrow pending the closing on the sale of the Junior Team Assets.. A true and correct copy of PJHC's counsel's January 6, 2017 emailed letter to Haviland is attached hereto as Exhibit D.

24.     PJHC's counsel's office, which was holding the $25,000 in escrowed funds towards the purchase price of the Sale Agreement, is located in Montgomery County, Pennsylvania.

25.     To date, Defendants have not responded to PJHC's counsel's January 6, 2017 letter.

26.     Upon information and belief, NJ Junior Titans have since sold the Junior Team Assets to another party.

27.     After PJHC's counsel sent the January 6, 2017 letter, PJHC assigned its rights, title and interest under the Sale Agreement to SBG.

**Count One**
*SBG v. NJ Junior Titans*
**Breach of Contract**

28.     Plaintiffs hereby incorporate paragraphs 1 through 27 by reference as though set forth at length herein.

29.     PJHC, by and through its authorized officer, Mr. Pulley, made a written offer to NJ Junior Titans, by and through its authorized principal officer, Haviland, to purchase the Junior Team Assets, as set forth in the November 15 Offer Email.

Case# 2017-27355-1 Docketed at Montgomery County Prothonotary on 02/05/2018 11:39 AM Fee = $68.00

Case# 2017-27355-3 Docketed at Montgomery County Prothonotary on 01/05/2018 11:39 AM, Fee = $500.00

30.     Upon information and belief, NJ Junior Titans, by and through its authorized principal officer, Haviland, modified the terms of the November 15 Offer Email and then signed it and accepted it on behalf of the NJ Junior Titans and returned it to PJHC's authorized officer, Mr. Pulley, as set forth in the December 2 Acceptance.

31.     PJHC accepted the terms of the December 2 Acceptance and, as a result, PJHC and NJ Junior Titans entered into the written Sale Agreement for the sale and purchase of the Junior Team Assets based on the December 2 Acceptance.  See Exh. A.

32.     The Sale Agreement is a written, legally binding and enforceable contract.

33.     PJHC performed its obligations pursuant to the Sale Agreement in good faith by attempting to forward the initial $25,000 payment due to NJ Junior Titans.  *See* Exhibits B, C, D.

34.     NJ Junior Titans materially breached the Sale Agreement by, *inter alia*: (a) failing to sell the Junior Team Assets to PJHC, (b) upon information and belief, selling the Junior Team Assets to another purchaser, and (c) failing to cooperate in good faith to consummate and close upon the transactions contemplated by the Sale Agreement.

35.     NJ Junior Titans have no legal justification for breaching the terms of the Sale Agreement.

36.     PJHC has assigned its rights, title and interest under the Sale Agreement to SBG.

37.     As a proximate result of NJ Junior Titans' uncured breaches of their obligations under the Sale Agreement, SBG has suffered foreseeable damages, including the lost value of the Junior Team Assets and the lost profits and opportunities that would have been generated from the Junior Team Assets, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, SBG respectfully requests that this Honorable Court enter judgment in its favor and against NJ Junior Titans in an amount not to exceed $50,000.00, plus pre-judgment interest, post-judgment interest at the statutory rate, costs, other damages, and any other relief that this Court deems just, necessary, proper and/or appropriate.

**Count Two**
(In the Alternative to Count One)
*PJHC v. NJ Junior Titans*
**Breach of Contract**

38.    Plaintiffs hereby incorporate paragraphs 1 through 37 by reference as though set forth at length herein.

39.    In the alternative to Count One above, in the event that PJHC's assignment of its rights under the Sale Agreement to SBG is deemed or adjudicated to be unenforceable for any reason, the Sale Agreement remains a written, legally binding and enforceable contract between PJHC and NJ Junior Titans.

40.    PJHC performed its obligations pursuant to the Sale Agreement by attempting to forward the initial $25,000 payment due to NJ Junior Titans.  *See* Exhibits B, C, D.

41.    NJ Junior Titans materially breached the Sale Agreement by, *inter alia*: (a) failing to sell the Junior Team Assets to PJHC, (b) upon information and belief, selling the Junior Team Assets to another purchaser, and (c) failing to cooperate in good faith to consummate and close upon the transactions contemplated by the Sale Agreement.

42.    NJ Junior Titans have no legal justification for breaching the terms of the Sale Agreement.

Case# 2017-27355-4 Docketed at Montgomery County Prothonotary on 01/05/2018 11:32 AM Fee = $0.00

Case# 2017-27355-4 Docketed at Montgomery County Prothonotary on 01/05/2018 11:39 AM Fee=\$6000

43.     As a proximate result of NJ Junior Titans' uncured breaches of their obligations under the Sale Agreement, PJHC has suffered foreseeable damages, including the lost value of the Junior Team Assets and the lost profits and opportunities that would have been generated from the Junior Team Assets, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, PJHC respectfully requests that this Honorable Court enter judgment in its favor and against NJ Junior Titans in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus pre-judgment interest, post-judgment interest at the statutory rate, costs, other damages, and any other relief that this Court deems just, necessary, proper and/or appropriate.

### Count Three
*Plaintiffs v. Haviland*
**Promissory Estoppel**

44.     Plaintiffs hereby incorporate paragraphs 1 through 43 by reference as though set forth at length herein.

45.     During their November 15, 2016 telephone call, Haviland, in his personal capacity, represented to Mr. Pulley, and thus PJHC, that he was authorized to enter into a transaction to sell the Junior Team Assets, and that he would personally provide the necessary cooperation to complete the sale transaction.

46.     Haviland should have reasonably expected these representations to induce PJHC to make an offer to purchase, and agree to purchase, the Junior Team Assets.

47.     In reliance upon Haviland's representations and promises made in his personal capacity, PJHC offered to purchase, and agreed to purchase, the Junior Team Assets by sending the

November 15 Offer Email, accepting the December 2 Acceptance, and entering into the Sale Agreement.

48.    PJHC would not have entered into the Sale Agreement, or made the offer contained in the November 15 Offer Email, if it knew that (a) Haviland's representations and promises on November 15, 2016 were not true, or (b) Haviland did not intend to honor and fulfill those representations and promises.

49.    As a result of their reliance on Haviland's promises made in his individual capacity, PJHC, and later, SBG, to their detriment, incurred legal fees and other expenses attempting to enforce the Sale Agreement.

50.    Injustice can be avoided only by enforcing Haviland's promises.

51.    Plaintiffs should be awarded the economic value of Haviland's broken promises, namely, the lost value of the Junior Team Assets and the lost profits and opportunities that would have been generated from the Junior Team Assets.

WHEREFORE, PJHC and SBG respectfully request that this Honorable Court enter judgment in its favor and against Haviland in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus pre-judgment interest, post-judgment interest at the statutory rate, costs, other damages, and any other relief that this Court deems just, necessary, proper and/or appropriate.

Respectfully submitted,

FRIEDMAN SCHUMAN, P.C.

Date:   December 14, 2017          By:    /s/ JEFFREY S. FELDMAN
                                          Jeffrey S. Feldman, Esq.
                                          Pa. Atty. I.D. No. 80352
                                          101 Greenwood Avenue, 5th Floor
                                          Jenkintown, PA 19046-2636
                                          Tel:  215-635-7200; Fax: 215-635-7212

Case# 2017-27355-4 Docketed at Montgomery County Prothonotary on 01/05/2018 11:13 PM Fee = $0.00

E-mail: jfeldman@fsalaw.com

*Counsel for Plaintiffs*
*SBG Management Services, Inc.*
*d/b/a SBG Management, and*
*Pennsylvania Junior Hockey Club, LLC*

Case# 2017-27355-3 Docketed at Montgomery County Prothonotary on 01/05/2018 11:13 AM Fee = $60.00

MONTGOMERY COUNTY COURT OF COMMON PLEAS
COMMONWEALTH OF PENNSYLVANIA

| | | |
|---|---|---|
| SBG MANAGEMENT SERVICES, INC., | : | MONTGOMERY COUNTY |
| d/b/a  SBG MANAGEMENT and | : | COURT OF COMMON PLEAS |
| PENNSYLVANIA JUNIOR HOCKEY CLUB, LLC | : | |
| | : | COMMONWEALTH OF PENNSYLVANIA |
| | : | |
| v. | : | NO.  2017-27355 |
| | : | |
| GEORGE HAVILAND, a/k/a GEORGE HAVILAND, JR.; | : | |
| and NJ JUNIOR TITANS HOCKEY CLUB | : | |

## VERIFICATION

I, the undersigned, hereby certify and verify that I am of full legal age, that I am duly authorized by plaintiffs SBG Management Services, Inc. and Pennsylvania Junior Hockey Club, LLC to sign this Verification on their respective behalves, and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that this statement is made subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904, relating to unsworn falsification to authorities.

Date: _____, 2017

Print name: _____

Case# 2017-27355-0 Docketed at Montgomery County Prothonotary on 01/03/2018 12:39 PM, Fee = $0.00

Case# 2017-27355-4 Docketed at Montgomery County Prothonotary on 01/05/2018 11:13 PM Fee = \$0.00

# EXHIBIT A

From: Phil Pulley <ppulley@sbgmanagement.com>
To: George Haviland <havs11@aol.com>
Subject: RE: Junior Titians
Date: Tue, Nov 15, 2016 3:05 pm

This email is to confirm my conversation with George today that the Pennsylvania Junior Hockey Club, LLC (Buyer) is buying all right titles and interest in the Titans Junior teams that are a franchise member/governor of the Eastern Hockey League (EHL). The understanding is as follows;

The purchase price is Fifty Five Thousand dollars ($55, 000). The payments shall be paid as noted below.

The Titans will pay any and all fees, dues, penalties and outstanding balances due the EHL and USA Hockey (USAH). This is to ensure that the Franchise/ Interest is being transferred unencumbered.

The Titans warrant that they are members in good standing of the EHL and USAH.

The Titan represent that there are no player obligations outstanding.

The Titans represent that they have full authority to transfer all rights, title and interests.

The Titans will notify the EHL and USAH of its intent to reactivate for the 2017-2018 season. In the event that they do not, no further sums are due to the Titans from the Buyer.

The Titans have no outstanding tax obligations.

The Titans will indemnify, defend and hold harmless the Pennsylvania Junior Hockey Club, LLC against any and all claims or demands.

The Titans are permitted to play in the Premier Division of the EHL.

The Buyer may re brand the Titans as the buyer deems.

The Buyer may relocate the Titans as buyer deems.

This Agreement does not include the AMHL team.


The payment schedule is as follows

1. Twenty Five Thousand dollars ($25,000) is to be paid by November 16th, 2016  by December 6 (GH)
2. The balance of the purchase price will be paid in equal payments of $37,500 due on the first of September 2017-2018-2019 and 2020.   3 (GH)  $10,000  (GH)

This Agreement will expire on 11-16-2016   12-6-16

Accepted and Agreed

Titans     12-2-16

Philip C. Pulley
SBG Management Services, Inc.
Philadelphia Revolution
P O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6981 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com
Web: www.philadelphiarevolution.net

Case# 2017-27355-3 Docketed at Montgomery County Prothonotary on 01/05/2018 11:13 AM Fee = $600

# EXHIBIT B

To: **George Havlin**

**iMessage**
**Tue, Dec 20,** 8:56 AM

**Good morning just got back I'm in the office please send me your overnight address so I can overnight you the check**

Case# 2017-27355-4 Docketed at Montgomery County Prothonotary on 02/05/2018 12:59 PM, Fee = $0.00

Case# 2017-27355-4 Docketed at Montgomery County Prothonotary on 01/04/2018 11:13 PM Fee = $0.00

# EXHIBIT C

Case# 2017-27355-4 Docketed at Montgomery County Prothonotary on 01/05/2018 71:59 AM, Fee = $0.00

To: **George Havlin**

**Thu, Dec 22,** 3:28 PM

**Just touching base want to get you your money**

**Where do I send it to**

**I'm resending U agreement to**

To: **George Havlin**

**base want to get you your money**

**Where do I send it to**

**I'm resending U agreement to sign with address attached**

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 01/05/2018 11:59 AM, Fee = $0.00

To: **George Havlin**

**Thank you I'll handle it tomorrow**

**Tue, Dec 27,** 11:52 AM

**George where do I send the check to**

**Tue, Dec 27,** 3:02 PM

**George are you**

Case# 2017-27355-4 Docketed at Montgomery County Prothonotary on 02/05/2018 12:19 PM, Fee=$0.00

Case# 2017-27355-2 Docketed at Montgomery County Prothonotary on 12/15/2017 2:39 PM, Fee = $0.00

To: **George Havlin**

**Tue, Dec 27,** 3:02 PM

# George are you out there

**Tue, Dec 27,** 8:57 PM

# Are you out there??????



**Thu, Dec 29,** 11:38 AM

To: **George Havlin**

**Thu, Dec 29,** 11:38 AM

**Are you out there**

**Money where do I send**

**Friday** 10:09 AM

**George are you out there**

Dhil had aunt

Case# 2017-27355-4 Docketed at Montgomery County Prothonotary on 01/05/2018 11:59 RM, Fee = $0.00

To: **George Havlin**

**Thu, Dec 29,** 11:38 AM

**Are you out there**

**Money where do I send**

**Friday** 10:09 AM

**George are you out there**

# Phil had aunt

Case# 2017-2755-C Dockated at Montgomery County Prothonotary on 01/05/2018 1:37 PM, Fee = $0.00

To: George Havlin

# Phil had aunt died dealing with the mess im only one to handle im go in a different direction with EHL

## Thank you sorry to hear of your loss

Case# 2017-27355-0 Docketed at Montgomery County Prothonotary on 01/24/2018 12:37 PM, Fee = $0.00

To: **George Havlin**

**Thank you sorry to hear of your loss**

**Does that mean you're selling your franchise to another party**

**Just want to be clear**

Case# 2017-27355-0 Docketed at Montgomery County Prothonotary on 01/05/2018 12:37 PM, Fee = $0.00

Case# 2017-27355-4 Docketed at Montgomery County Prothonotary on 01/05/2018 11:39 PAM Fee $6.00

# EXHIBIT D



FRIEDMAN SCHUMAN

Attorneys at Law • A Professional Corporation

Kerry S. Schuman, Esquire
Direct Dial: (215) 690-3812
KSchuman@fsalaw.com

www.fsalaw.com

Main Office
101 Greenwood Avenue, Fifth Floor
Jenkintown, PA 19046
Phone: (215) 635-7200
Fax: (215) 635-7212

January 6, 2017

*VIA EMAIL – havs11@aol.com*
Mr. George Haviland

> **Re:   Pennsylvania Junior Hockey Club, LLC v. George Haviland (Titans Junior Teams – Franchise Member/Governor in Eastern Hockey League)**

Dear Mr. Haviland:

I represent Pennsylvania Junior Hockey Club, LLC with regard to the Agreement of Sale that you accepted on December 2, 2016.

I have reviewed the Agreement of Sale that you executed on December 2, 2016. I have further reviewed all of the texts between you and Mr. Pulley. It is unquestionable that there is a valid binding contract. Furthermore, Mr. Pulley only had an email address for you and at all times was ready, willing and able to complete the purchase. He made multiple attempts to obtain an address for you so that he could tender the purchase price as required by the Agreement.

Your email indicating that you intend to go in a "different direction with EHL" is a breach of the Agreement. My client wishes to fully complete the Agreement. My client has been advised that you intend to sell the franchise to another buyer. This is a further breach of the Agreement.

Unless you complete the contract within seven (7) days from the date of this letter, my client intends to enforce the Agreement of Sale to compel you to complete the transaction. In addition to damages that will be sought, my client will also seek an injunction to prevent you from selling the franchise to anyone else.

My client has delivered to me the $25,000 check made payable to you, since you failed and refused to provide a delivery address. I will hold the check in escrow pending closing.

Case# 2017-27355-0 Docketed at Montgomery County Prothonotary on 01/05/2018 12:39 RM, Fee = $0.00



FRIEDMAN SCHUMAN

Attorneys at Law • A Professional Corporation

Mr. George Haviland
January 6, 2017
Page 2

In the hopes that this can be amicably resolved, I remain

Very truly yours,

KERRY S. SCHUMAN

KSS/ss
cc:    Mr. Philip C. Pulley

Case# 2017-27355-0 Docketed at Montgomery County Prothonotary on 1/25/2018 12:37 PM, Fee = $0.00

{Client Files/004030/00000/00991773.DOCX;1}

SBG MANAGEMENT SERVICES, INC. D/B/A SBG MANAGEMENT, ET AL
                                                          Plaintiff

                              vs

GEORGE HAVILAND A/K/A GEORGE HAVILAND, JR., ET AL
                                                          Defendant

|||||||||||||||||||||||||||||||||||
20180108144803

_____ Court Of _____

Montgomery Venue

Docket Number: 2017 27355

**Person to be served** (Name and Address):
NJ JUNIOR TITANS HOCKEY CLUB
1410 FRANCES DRIVE
WALL TWP.  NJ  07719
By serving: NJ JUNIOR TITANS HOCKEY CLUB

Attorney: JEFFREY S. FELDMAN, ESQ.

Papers Served: PRAECIPE TO REINSTATE/REISSUE, NOTICE TO DEFEND,
COMPLAINT, VERIFICATION, EXHIBITS

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

**Service Data:**      [X] Served Successfully        [ ] Not Served

Date/Time:      1/9/2018 9:01 AM      _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age
residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

TONY DOE _____

PERSON AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

SEX:M    AGE:21-35    HEIGHT: 5'9"-6'0"    WEIGHT: 161-200 LBS.    SKIN:WHITE    HAIR:BLACK    OTHER:_____

**Unserved:**

[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:            Date/Time: _____
                               Date/Time: _____
                               Date/Time: _____

Other:
REFUSED TO GIVE HIS LAST NAME.

**Served Data:**

Subscribed and Sworn to me this

10 day of _____, 20 18

Notary Signature: _____
JACKELINE GONZALEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 15, 2020    Name of Notary        Commission Expiration

I, PETER CERRUTO,
was at the time of service a competent adult, over the age
of 18 and not having direct interest in the litigation. I declare
under penalty of perjury that the foregoing is true and
correct.

_____   01,10,20 18
Signature of Process Server        Date

Name of Private Server: PETER CERRUTO  Address: 2009 Morris Ave. UNION, NJ 07083  Phone: (800) 672-1952

Case # 2017-27355-5, Docketed at Montgomery County Prothonotary on 01/17/2018 11:59 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2017-27355-5 Docketed at Montgomery County Prothonotary on 01/17/2018 11:59 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**MONTGOMERY COUNTY COURT OF COMMON PLEAS**
**COMMONWEALTH OF PENNSYLVANIA**

| | | |
|---|---|---|
| SBG MANAGEMENT SERVICES, INC., | : | MONTGOMERY COUNTY |
| d/b/a  SBG MANAGEMENT and | : | COURT OF COMMON PLEAS |
| PENNSYLVANIA JUNIOR HOCKEY CLUB, LLC | : | |
| | : | COMMONWEALTH OF PENNSYLVANIA |
| | : | |
| v. | : | NO.  2017-27355 |
| | : | |
| GEORGE HAVILAND, a/k/a GEORGE HAVILAND, JR.; | : | |
| and NJ JUNIOR TITANS HOCKEY CLUB | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Jeffrey S. Feldman, Esq., hereby certify that, on the date shown below, a true and correct copy of the foregoing Affidavit of Service of Complaint on Defendant NJ Junior Titans Hockey Club, was electronically filed with the Montgomery County Court of Common Pleas E-Filing System and is available for download by Defendants.

I further hereby certify that, on the date shown below, a true and correct copy of the Affidavit was sent to defendant George Haviland via First Class Mail, postage prepaid, addressed as follows:

George Haviland
214 Harmony Road
Middletown, NJ 07748

Date:  January 17, 2018          By:  /s/ JEFFREY S. FELDMAN
                                      Jeffrey S. Feldman, Esq.
                                      *Counsel for Plaintiffs*
                                      *SBG Management Services, Inc.*
                                      *d/b/a SBG Management, and*
                                      *Pennsylvania Junior Hockey Club, LLC*

Case# 2017-27355-6 Docketed at Montgomery County Prothonotary on 01/17/2018 1:09 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**MONTGOMERY COUNTY COURT OF COMMON PLEAS**
**COMMONWEALTH OF PENNSYLVANIA**

| | |
|---|---|
| SBG MANAGEMENT SERVICES, INC., <br> d/b/a  SBG MANAGEMENT and <br> PENNSYLVANIA JUNIOR HOCKEY CLUB, LLC <br><br> v. <br><br> GEORGE HAVILAND, a/k/a GEORGE HAVILAND, JR.; <br> and NJ JUNIOR TITANS HOCKEY CLUB | : MONTGOMERY COUNTY <br> : COURT OF COMMON PLEAS <br> : <br> : COMMONWEALTH OF PENNSYLVANIA <br> : <br> : NO.  2017-27355 <br> : <br> : <br> : <br> : <br> : |

## CERTIFICATE OF SERVICE

I, Jeffrey S. Feldman, Esq., hereby certify that, on December 14, 2017, a true and correct copy of the foregoing Complaint, with its attached Exhibits, supporting Verification, and Notice to Defend (collectively, the **"Complaint Package"**), was electronically filed with the Montgomery County Court of Common Pleas E-Filing System and is available for download by Defendants.

I further hereby certify that, on December 14, 2017, a true and correct copy of the Complaint Package was sent to defendant **George Haviland a/k/a George Haviland, Jr.** via First Class Mail, postage prepaid, addressed as follows:

George Haviland
214 Harmony Road
Middletown, NJ 07748

I further hereby certify that, on December 14, 2017, a true and correct copy of the Complaint Package was sent to defendant **NJ Junior Titans Hockey Club** via both Certified Mail, restricted delivery, postage prepaid, and First Class Mail, postage prepaid, addressed as follows:

NJ Junior Titans Hockey Club
1410 Frances Drive
Wall, NJ 07719

Date:  January 17, 2018        By:    /s/ JEFFREY S. FELDMAN
                                       Jeffrey S. Feldman, Esq.
                                       *Counsel for Plaintiffs*
                                       *SBG Management Services, Inc.*
                                       *d/b/a SBG Management, and*
                                       *Pennsylvania Junior Hockey Club, LLC*

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

SBG MANAGEMENT

vs.

GEORGE HAVILAND

NO.  2017-27355

## PRAECIPE  FOR JUDGMENT

To the Prothonotary:

      Enter judgment sec leg in favor of SBG MANAGEMENT; PENNSYLVANIA JUNIOR HOCKEY CLUB LLC and against GEORGE HAVILAND for want of an answer.

I certify that written notice of the intention to file this praecipe was mailed or delivered to the party against whom judgment is to be entered and to his/her attorney of record, if any, after the default occurred and at least ten (10) days prior to the date of the filing of this praecipe.  A copy of the notice is attached.  R.C.P. 237.1

ORIGINAL SIGNATURE RETAINED BY THE FILING PARTY
_____
Signature/ID Number

JEFFREY S FELDMAN, ESQ.
_____
Filing Party

80352
_____
ID Number

FRIEDMAN SCHUMAN APPLEBAUM & NEMERFOFF
_____
Firm Name

101 GREENWOOD AVENUE  , 5TH FLOOR
_____
Address

JENKINTOWN, PA 19046-2636
_____

(215) 890-3824
_____
Phone

Judgment is entered  by default for want of an answer.

_____
Prothonotary, Montgomery County

Case# 2017-27355-7 Docketed at Montgomery County Prothonotary on 01/17/2018 1:27 PM, Fee = $6.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

SBG MANAGEMENT

vs.

GEORGE HAVILAND

NO.  2017-27355

NOTICE IS GIVEN THAT THE ATTACHED DOCUMENT IN THE ABOVE
CAPTIONED MATTER HAS BEEN ENTERED.

PROTHONOTARY

IF YOU HAVE ANY QUESTIONS CONCERNING THE ABOVE, PLEASE CONTACT:

ORIGINAL SIGNATURE RETAINED BY THE FILING PARTY
Signature

JEFFREY S FELDMAN, ESQ.

Filing Party

80352

ID Number

FRIEDMAN SCHUMAN APPLEBAUM & NEMERFOFF

Firm Name

101 GREENWOOD AVENUE  , 5TH FLOOR

Address

JENKINTOWN, PA 19046-2636

(215) 890-3824

Phone

Case# 2017-27355-7 Docketed at Montgomery County Prothonotary on 01/17/2018 1:27 PM, Fee = $6.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2017-27355-7 Docketed at Montgomery County Prothonotary on 01/17/2018 1:27 PM, Fee = $6.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

FRIEDMAN SCHUMAN, P.C.
By: Jeffrey S. Feldman, Esq.
Pa. Atty. I.D. No.80352
101 Greenwood Avenue, 5th Floor
Jenkintown, PA 19046-2636
Tel: 215-635-7200; Fax: 215-635-7212
E-mail:   jfeldman@fsalaw.com

*Counsel for Plaintiffs*
*SBG Management Services, Inc.*
*d/b/a SBG Management and*
*Pennsylvania Junior Hockey Club, LLC*

---

SBG MANAGEMENT SERVICES, INC.,
d/b/a SBG MANAGEMENT and
PENNSYLVANIA JUNIOR HOCKEY CLUB, LLC

v.

GEORGE HAVILAND, a/k/a GEORGE HAVILAND, JR.;
and NJ JUNIOR TITANS HOCKEY CLUB

:
:
:
:
:
:
:
:
:
:
:

MONTGOMERY COUNTY
COURT OF COMMON PLEAS

COMMONWEALTH OF PENNSYLVANIA

NO.  2017-27355

---

### PRAECIPE TO ENTER DEFAULT JUDGMENT AGAINST
### DEFENDANT GEORGE HAVILAND a/k/a GEORGE HAVILAND, JR.

**TO THE PROTHONOTARY**:

Please enter a default judgment for liability in favor of plaintiffs **SBG Management Services, Inc. d/b/a SBG Management** and **Pennsylvania Junior Hockey Club, LLC** against defendant **George Haviland a/k/a George Haviland, Jr.** for failure to answer or otherwise respond to the **Complaint** filed by the Plaintiffs in the above-captioned matter on December 14, 2017 (the "**Complaint**") based upon the following averred facts:

1.      The Complaint was served upon defendant **George Haviland a/k/a George Haviland, Jr.** on **December 14, 2017.**   A true and correct copy of a Certificate of Service reflecting service in accordance with Pa. R.C.P.M.D.J. No. 1005(D) and 1005(E) and Pa. R. C. P. 440(a)(2)(i) is attached hereto as Exhibit A.

Case# 2017-27355-7 Docketed at Montgomery County Prothonotary on 01/17/2018 1:27 PM, Fee = $6.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

2.      A Notice of Praecipe to Enter Default Judgment pursuant to Pa. R. Civ. P. 237.1(a)(2) and 237.5 was served upon Defendant **George Haviland a/k/a George Haviland, Jr.** by both Certified Mail, Return Receipt Requested and U.S. First Class Mail, postage prepaid, on **January 5, 2018**, more than ten (10) days before this Praecipe was filed.

3.      A true and correct copy of the Notice of Praecipe to Enter Default Judgment on the Complaint that was served on Defendant **George Haviland a/k/a George Haviland, Jr.** is attached hereto as Exhibit B.

4.      A true and correct copy of the Tracking information from the U.S. Postal Service's web site, usps.com, for the certified mail delivery of the Notice of Praecipe to Enter Default Judgment on the Complaint to Defendant **George Haviland a/k/a George Haviland, Jr.** is attached hereto as Exhibit C, and it confirms that the certified mail copy was delivered on January 8, 2018.  The first class mail copy to the same address has not been returned by the U.S. Postal Service.

5.      Pursuant to the Notice, defendant / judgment debtor **George Haviland a/k/a George Haviland, Jr.** has had ten (10) days in which to answer the Complaint after the Notice was served, which expired on Tuesday, January 16, 2015.

6.      A true and correct copy of an executed Affidavit of Non-Military Service is attached hereto as Exhibit D.

Accordingly, please enter a default judgment for liability in favor of plaintiffs **SBG Management Services, Inc. d/b/a SBG Management** and **Pennsylvania Junior Hockey Club, LLC** against defendant **George Haviland a/k/a George Haviland, Jr.** for failure to answer or

Case# 2017-27355-7 Docketed at Montgomery County Prothonotary on 01/17/2018 1:27 PM, Fee = $6.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

otherwise respond to the **Complaint**, and promptly schedule this matter for a hearing to assess damages.

Respectfully submitted,

Date: <u>January 17, 2018</u>　　　　　　　<u>/s/ JEFFREY S . FELDMAN</u>
　　　　　　　　　　　　　　　　　　Jeffrey S. Feldman, Esq. (Pa. Atty. I.D. No. 80352)
　　　　　　　　　　　　　　　　　　Friedman Schuman, P.C.
　　　　　　　　　　　　　　　　　　101 Greenwood Avenue, 5th Floor
　　　　　　　　　　　　　　　　　　Jenkintown, PA 19046-2636
　　　　　　　　　　　　　　　　　　Tel: 215-690-3824 / Fax: 215-635-7212
　　　　　　　　　　　　　　　　　　Email: jfeldman@fsalaw.com
　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*
　　　　　　　　　　　　　　　　　　*SBG Management Services, Inc.*
　　　　　　　　　　　　　　　　　　*d/b/a SBG Management, and*
　　　　　　　　　　　　　　　　　　*Pennsylvania Junior Hockey Club, LLC*

Case# 2017-27355-7 Docketed at Montgomery County Prothonotary on 01/17/2018 1:27 PM, Fee = $6.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**FRIEDMAN SCHUMAN, P.C.**
By: Jeffrey S. Feldman, Esq.
Pa. Atty. I.D. No.80352
101 Greenwood Avenue, 5th Floor
Jenkintown, PA 19046-2636
Tel: 215-635-7200; Fax: 215-635-7212
E-mail:  jfeldman@fsalaw.com

*Counsel for Plaintiffs*
*SBG Management Services, Inc.*
*d/b/a SBG Management and*
*Pennsylvania Junior Hockey Club, LLC*

---

SBG MANAGEMENT SERVICES, INC.,
d/b/a SBG MANAGEMENT and
PENNSYLVANIA JUNIOR HOCKEY CLUB, LLC

        v.

GEORGE HAVILAND, a/k/a GEORGE HAVILAND, JR.;
and NJ JUNIOR TITANS HOCKEY CLUB

:
:
:
:
:
:
:
:
:
:
:
:

MONTGOMERY COUNTY
COURT OF COMMON PLEAS

COMMONWEALTH OF PENNSYLVANIA

NO.  2017-27355

---

### AFFIDAVIT OF NON-MILITARY SERVICE

COMMONWEALTH OF PENNSYLVANIA  :
                                   :  ss.
COUNTY OF MONTGOMERY  :

    I, Jeffrey S. Feldman, Esq., being duly sworn according to law, depose and say that I am counsel for plaintiffs SBG Management Services, Inc. d/b/a SBG Management and Pennsylvania Junior Hockey Club, LLC in the matter captioned above, that I am authorized to make this affidavit on their behalves, that defendant George Haviland, a/k/a George Haviland, Jr., to the best of my knowledge, information and belief, resides at 1410 Frances Drive, Wall, New Jersey 07719 and has a place of business at 214 Harmony Road, Middletown, New Jersey 07748, and that defendant George Haviland, a/k/a George Haviland, Jr.is not in the Military Service of the United States, nor any State or Territory thereof or its allies as defined in the Servicemembers' Civil Relief Act of 2003 and the amendments thereto.

                                 By: _____
                                     Jeffrey S. Feldman, Esq.
                                     *Counsel for plaintiffs*

Sworn to and subscribed before me
this _17th_ day
of _January_ 20_18_

_____
Notary Public

NOTARIAL SEAL
STEPHANIE R. COURTNEY, Notary Public
Jenkintown Boro., Montgomery County
My Commission Expires March 12, 2021

Case# 2017-27355-8 Docketed at Montgomery County Prothonotary on 02/02/2018 12:42 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| SBG MANAGEMENT SERVICES, INC., d/b/a SBG MANAGEMENT and PENNSYLVANIA JUNIOR HOCKEY CLUB, LLC | IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA |
| Plaintiffs, | |
| v. | CIVIL ACTION - LAW |
| GEORGE HAVILAND, a/k/a GEORGE HAVILAND JR. and NJ JUNIOR TITANS HOCKEY CLUB | NO. 2017-27355 |
| Defendants. | |

## STIPULATION TO VACATE DEFAULT JUDGMENT

It is hereby stipulated and agreed by and between Plaintiffs, SBG Management and the Pennsylvania Junior Hockey Club, LLC (collectively, "Plaintiffs"), and Defendants, George Haviland and the NJ Junior Titans Hockey Club (collectively, "Defendants"), through their undersigned counsel, as follows:

1.     The entry of default judgment against Defendant George Haviland for failure to plead or otherwise defend, is hereby vacated on consent; and

2.     Defendants shall answer, move or otherwise respond to Plaintiff's Complaint on or before **February 23, 2017**.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts; and/or facsimile signatures shall have the same force and effect as originals.

FRIEDMAN SCHUMAN, P.C.
Attorneys for Plaintiffs

JEFFREY S. FELDMAN, ESQUIRE

Dated: 2/01/2018

ARCHER & GREINER
Attorneys for Defendants

JERROLD S. KULBACK, ESQUIRE

Dated: 2/2/18

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**

SBG MANAGEMENT

vs.

GEORGE HAVILAND

NO.  2017-27355

## PRAECIPE FOR APPEARANCE

TO THE PROTHONOTARY:

Please enter my appearance for

PLAINTIFFS

in the above case.

Date:  02/16/2018

ORIGINAL SIGNATURE RETAINED BY THE FILING PARTY

Signature

MICHAEL YANOFF, ESQ.

Filing Party

19384

ID Number

FRIEDMAN SCHUMAN APPLEBAUM NEMEROFF &
MCCAFFERY PC

Firm Name

101 GREENWOOD AVENUE, 5TH FLOOR

Address

JENKINTOWN, PA 19046-2636

(215) 690-3833

Phone

Case# 2017-27355-9 Docketed at Montgomery County Prothonotary on 02/16/2018 12:23 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2017-27355-9 Docketed at Montgomery County Prothonotary on 02/16/2018 12:23 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**MONTGOMERY COUNTY COURT OF COMMON PLEAS**
**COMMONWEALTH OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | MONTGOMERY COUNTY |
| SBG MANAGEMENT SERVICES, INC., | : | COURT OF COMMON PLEAS |
| d/b/a SBG MANAGEMENT and | : | |
| PENNSYLVANIA JUNIOR HOCKEY CLUB, LLC | : | COMMONWEALTH OF PENNSYLVANIA |
| | : | |
| v. | : | NO.  2017-27355 |
| | : | |
| GEORGE HAVILAND, a/k/a GEORGE HAVILAND, JR.; | : | |
| and NJ JUNIOR TITANS HOCKEY CLUB | : | |

**PRAECIPE FOR ENTRY OF APPEARANCE**

TO THE PROTHONOTARY:

　　　　Kindly **ENTER** my appearance on behalf of Plaintiffs SBG Management Services, Inc.

d/b/a SBG Management and Pennsylvania Junior Hockey Club, LLC in the matter referenced

above.

Date: <u>February 16, 2018</u>　　　　By:　<u>/s/ MICHAEL YANOFF, ESQ.</u>
　　　　　　　　　　　　　　　　　　　Michael Yanoff, Esq. (Pa. Atty. I.D. No. 19384)
　　　　　　　　　　　　　　　　　　　Friedman Schuman, P.C.
　　　　　　　　　　　　　　　　　　　101 Greenwood Avenue, 5th Floor
　　　　　　　　　　　　　　　　　　　Jenkintown, PA 19046-2636
　　　　　　　　　　　　　　　　　　　Tel: 215-690-3833 / Fax: 215-635-7212
　　　　　　　　　　　　　　　　　　　E-Mail: myanoff@fsalaw.com

　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*
　　　　　　　　　　　　　　　　　　　*SBG Management Services, Inc.*
　　　　　　　　　　　　　　　　　　　*d/b/a SBG Management, and*
　　　　　　　　　　　　　　　　　　　*Pennsylvania Junior Hockey Club, LLC*

Case# 2017-27355-10 Docketed at Montgomery County Prothonotary on 02/16/2018 12:23 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**MONTGOMERY COUNTY COURT OF COMMON PLEAS**
**COMMONWEALTH OF PENNSYLVANIA**

| | |
|---|---|
| SBG MANAGEMENT SERVICES, INC., | : MONTGOMERY COUNTY |
| d/b/a SBG MANAGEMENT and | : COURT OF COMMON PLEAS |
| PENNSYLVANIA JUNIOR HOCKEY CLUB, LLC | : |
| | : COMMONWEALTH OF PENNSYLVANIA |
| v. | : NO. 2017-27355 |
| | : |
| GEORGE HAVILAND, a/k/a GEORGE HAVILAND, JR.; | : |
| and NJ JUNIOR TITANS HOCKEY CLUB | : |

**CERTIFICATE OF SERVICE**

I, Michael Yanoff, Esq., hereby certify that, on February 1X, 2018, a true and correct copy of the foregoing Praecipe for Entry of Appearance (collectively, the **"Appearance"**), was electronically filed with the Montgomery County Court of Common Pleas E-Filing System and is available for download by Defendants.

Date: February 16, 2018    By: /s/ MICHAEL YANOFF, ESQ.
Michael Yanoff, Esq. (Pa. Atty. I.D. No. 19384)
FRIEDMAN SCHUMAN, P.C.
101 Greenwood Avenue, 5th Floor
Jenkintown, PA 19046-2636
Tel: 215-690-3833 / Fax: 215-635-7212
E-Mail: myanoff@fsalaw.com

*Counsel for Plaintiffs*
*SBG Management Services, Inc.*
*d/b/a SBG Management, and*
*Pennsylvania Junior Hockey Club, LLC*

Case# 2017-27355-11 Docketed at Montgomery County Prothonotary on 02/16/2018 12:25 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

SBG MANAGEMENT

vs.

GEORGE HAVILAND

NO.  2017-27355

## PRAECIPE FOR WITHDRAW OF APPEARANCE

TO THE PROTHONOTARY:

Please withdraw my appearance for PLAINTIFFS in the above case.

Date: February 16 2018

Signature/ ID #: ORIGINAL SIGNATURE RETAINED BY THE FILING PARTY

Print Name: JEFFREY FELDMAN

FRIEDMAN SCHUMAN, PC
101 GREENWOOD AVE., 5TH FL.
JENKINTOWN, PA 19046

Address:

Telephone: 2156903824

Case# 2017-27355-11 Docketed at Montgomery County Prothonotary on 02/16/2018 12:25 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**MONTGOMERY COUNTY COURT OF COMMON PLEAS**
**COMMONWEALTH OF PENNSYLVANIA**

| | | |
|---|---|---|
| SBG MANAGEMENT SERVICES, INC., | : | MONTGOMERY COUNTY |
| d/b/a SBG MANAGEMENT and | : | COURT OF COMMON PLEAS |
| PENNSYLVANIA JUNIOR HOCKEY CLUB, LLC | : | |
| | : | COMMONWEALTH OF PENNSYLVANIA |
| v. | : | NO. 2017-27355 |
| | : | |
| GEORGE HAVILAND, a/k/a GEORGE HAVILAND, JR.; | : | |
| and NJ JUNIOR TITANS HOCKEY CLUB | : | |

**PRAECIPE FOR WITHDRAWAL OF APPEARANCE**

TO THE PROTHONOTARY:

Kindly **WITHDRAW** my appearance on behalf of Plaintiffs SBG Management Services,

Inc. d/b/a SBG Management and Pennsylvania Junior Hockey Club, LLC in the matter referenced

above.

Date: <u>February 16, 2018</u>          By:     <u>/s/ JEFFREY S. FELDMAN, ESQ.</u>

Jeffrey S. Feldman, Esq. (Pa. Atty. I.D. No. 80352)
FRIEDMAN SCHUMAN, P.C.
101 Greenwood Avenue, 5th Floor
Jenkintown, PA 19046-2636
Tel: 215-690-3824 / Fax: 215-635-7212
E-Mail: jfeldman@fsalaw.com

Case# 2017-27355-12 Docketed at Montgomery County Prothonotary on 02/16/2018 12:25 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**MONTGOMERY COUNTY COURT OF COMMON PLEAS**
**COMMONWEALTH OF PENNSYLVANIA**

| | |
|---|---|
| SBG MANAGEMENT SERVICES, INC., <br> d/b/a  SBG MANAGEMENT and <br> PENNSYLVANIA JUNIOR HOCKEY CLUB, LLC | :   MONTGOMERY COUNTY <br> :   COURT OF COMMON PLEAS <br> : <br> :   COMMONWEALTH OF PENNSYLVANIA <br> : |
| v. | :   NO.  2017-27355 <br> : |
| GEORGE HAVILAND, a/k/a GEORGE HAVILAND, JR.; <br> and NJ JUNIOR TITANS HOCKEY CLUB | : <br> : <br> : |

## CERTIFICATE OF SERVICE

I, Jeffrey S. Feldman, Esq., hereby certify that, on February 16, 2018, a true and correct copy of the foregoing Praecipe for Withdrawal of Appearance (collectively, the **"Appearance"**), was electronically filed with the Montgomery County Court of Common Pleas E-Filing System and is available for download by Defendants.


Date:   <u>February 16, 2018</u>     By:    <u>/s/ JEFFREY S. FELDMAN</u>
                                      Jeffrey S. Feldman, Esq.
                                      *Counsel for Plaintiffs*
                                      *SBG Management Services, Inc.*
                                      *d/b/a SBG Management, and*
                                      *Pennsylvania Junior Hockey Club, LLC*

## CERTIFICATE OF SERVICE

I, Jerrold S. Kulback, hereby certify that on this date, a true and correct copy of the foregoing Notice of Removal was served on counsel of record via First Class Mail and email as follows:

Michael Yanoff, Esquire
Friedman Schuman, P.C.
101 Greenwood Avenue, 5th Floor
Jenkintown, PA 190463
*Attorneys for Plaintiffs*

Dated: February 26, 2018

Jerrold S. Kulback, Esq. (I.D. No. 84563)
Tanneika A. Minott, Esq. (I.D. No. 318501)
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103-7393
(215) 963-3300
Attorneys for Defendants